```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

JASON SZEFLER,

               Plaintiff,     13-CV-1074

     -v-                         DECISION AND
                                  ORDER

CAROLYN W. COLVIN, Acting
Commissioner OF Social Security,

               Defendant.
_____

## I. Introduction

Plaintiff Jason Szefler ("plaintiff") brought an action following the Commissioner of Social Security's denial of his application for disability insurance benefits pursuant to the Social Security Act (the "SSA"). Plaintiff's attorney, Kenneth Hiller, Esq., has filed a motion pursuant to the Equal Access To Justice Act ("EAJA"), 28 U.S.C. § 2412 requesting attorney's fees in the amount of $8,764.84, which represents 46 hours of work in connection with his firm's successful representation on behalf of plaintiff.

## II. Background

Plaintiff's application for disability insurance benefits was filed on July 21, 2010 and was initially denied. Following the denial of benefits, plaintiff was granted a hearing before an administrative law judge ("ALJ"), who later issued a written decision denying benefits. The ALJ's decision became final on August 30, 2013, when the Appeals Council denied plaintiff's

request for review. Plaintiff filed the present action seeking judicial review of the ALJ's final decision pursuant to 42 U.S.C. § 405(g), which resulted in the Court remanding the case for further administrative proceedings on September 30, 2015. In doing so, the Court relied upon and adopted the Report and Recommendation ("R&R") of United States Magistrate Judge Hugh B. Scott.

The Commissioner opposes plaintiff's petition and asks the Court to reduce the award, contending that the Commissioner's position in this action was "substantially justified." (Docket No. 21, p.1). The Commissioner further asserts that the number of hours requested by plaintiff's counsel is excessive for a "routine Social Security matter." Plaintiff responds that the Commissioner's defense of the action was not substantially justified due to the failure of the ALJ to include plaintiff's limitations in maintaining attention in his determination of plaintiff's residual functional capacity ("RFC"). Plaintiff further asserts that district courts have not hesitated to award fees in excess of 40 hours for a Social Security case, if warranted. For the reasons set forth below, this Court grants plaintiff's motion for EAJA fees.

**II. Discussion**

The EAJA provides in relevant part that:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, . . . incurred by that party in any civil action . . . brought by or

2

>against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  There is no dispute that plaintiff is the prevailing party for purposes of the EAJA.  The Commissioner asserts, however, that her position was substantially justified and the hours requested by counsel are excessive.

Here, Judge Scott found that the ALJ's RFC determination that plaintiff could perform complex and detailed tasks was not supported by substantial evidence in the record and constituted clear error.  Consequently, the Court now finds that the Commissioner was not substantially justified in defending the ALJ's RFC determination that plaintiff could "occasionally understand, remember and carry out complex and detailed tasks" where the record evidence clearly establishes that plaintiff was capable of performing no more than simple tasks. ALJ's decision, p. 5.  The R&R also concluded that remand was also required because the hypothetical question posed to the VE failed to include any limitation regarding plaintiff's concentration, persistence and pace.

With respect to the reasonableness of the requested fee award, the Commissioner contends that the work hours submitted by plaintiff's attorney are excessive, citing the general proposition that 20 to 40 hours of work is appropriate on a routine Social Security case. *See Barbour v. Colvin*, 993 F. Supp. 2d 284, 290

3

(E.D.N.Y. 2014) ("District courts in this Circuit generally hold that twenty to forty hours is a reasonable expenditure of counsel time for routine social security cases."). The Commissioner does not argue that the hourly rate requested is unreasonable but asserts that the fees requested should be reduced to reflect 33 hours of work.

This Court has broad discretion to determine whether the amount of time expended and the rates charged by plaintiff's attorney are reasonable, and the Court is not required to "scrutinize each action taken or the time spent on it" when determining what is reasonable. *Aston v. Sec'y. of Health and Human Serv.*, 808 F.2d 9, 11 (2d Cir. 1986); *see also* Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

Mr. Hiller submitted a sworn declaration establishing the time spent on his representation of plaintiff. Mr. Hiller contends that the time expended on plaintiff's case was reasonable, considering the relative complexity of the issues presented and the fact that plaintiff filed an initial motion for judgment on the pleadings and a reply memorandum of law, reviewed the R&R, and prepared a response to the Commissioner's extensive filing of objections to the R&R.

The Court has reviewed Mr. Hiller's submissions and finds that his request is unreasonable. *See Fee v. Astrue*, 2013 WL 5703208, at *2 (W.D.N.Y. 2013), citing *Scott v. Astrue*, 474 F.

Supp. 2d 465, 467 (W.D.N.Y. 2007) (awarding EAJA fees for 51 hours of attorney time); *Kania v. Shalala*, 1995 WL 307604, at *3-4 (W.D.N.Y. 1995) (awarding fees for 51.9 hours of attorney time spent on matter presenting complicated medical issues). The Court notes that, apart from the number of hours expended on plaintiff's case, the attorney declaration reveals that counsel's representation spanned more than two years.

**III. CONCLUSION**

For the foregoing reasons, plaintiff's motion for attorney fees is granted.

**ALL OF THE ABOVE IS SO ORDERED.**

S/ MICHAEL A. TELESCA
HONORABLE MICHAEL A. TELESCA
UNITED STATES DISTRICT JUDGE

DATED: Rochester, New York
January 26, 2017